UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AJ MANAGEMENT CONSULTING, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MBC FZ-LLC,<br><br>　　　　　Defendant. | Case No. 13-cv-03213-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

　　　Before the Court is Defendant MBC FZ-LLC's Motion to Dismiss Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 27, 2014.  (Def.'s Mot., ECF 19)  The Court heard oral argument on the motion on June 19, 2014, after which it took the matter under submission.  Based on the parties' respective written submissions and the oral argument of counsel, for the reasons stated herein, Defendant's motion is GRANTED with leave to amend.

**I.　BACKGROUND**

　　　Plaintiff AJ Management Consulting, LLC ("Plaintiff") develops technology solutions for cloud computing and licenses those solutions and applications to clients worldwide.  (Compl. ¶¶ 5-6, ECF 1)  Two such solutions are "CloudTV," "a set of cloud-based and mobile technologies" that enable users to take advantage of social media opportunities in television, (*id.* ¶ 7), and "timePlay," a "cloud-enabled digital story telling" application, (*id.* ¶ 8).

　　　**A.　CloudTV**

　　　On November 17, 2011, Plaintiff and Defendant MBC FZ-LLC ("Defendant") entered into an agreement to license the CloudTV application ("CloudTV Agreement").  (*Id.* ¶ 9)  Under the CloudTV Agreement, Defendant agreed to pay an annual fee for ten user licenses, payable on the

effective date of the agreement and then at the beginning of each successive term year.  (*Id.* ¶ 10; *see also id.* Exh. B ("CloudTV Ag.") Sched. A-B)  The CloudTV Agreement provided Defendant with the right to terminate the agreement at any time without cause, upon providing Plaintiff with written notice thirty days in advance of termination.  (Compl. ¶ 10; CloudTV Ag. § 5.2)  The CloudTV Agreement also contains a choice of law provision stating that "[t]his Agreement shall be governed by and construed in accordance with the laws in force in the United Arab Emirates."  (CloudTV Ag. § 10.15)

On December 11, 2012, Defendant notified Plaintiff in writing that it wished to terminate the CloudTV Agreement.  (Compl. ¶ 21)  Plaintiff alleges that because the effective termination date would have been January 11, 2013—30 days from the date of Defendant's written notice of termination—Defendant "was liable to pay the Plaintiff $28,800" for the licenses for 2013.  (*Id.* ¶ 23)  Defendant has allegedly not paid this amount.  (*Id.* ¶ 24)

### B.   timePlay/Omar

On May 10, 2012, the parties entered into a second agreement, this time for services in connection with the development of a custom application for use in conjunction with Defendant's television series "Omar," a historical Arab television drama series produced and broadcast by Defendant (the "Omar Agreement").[1]  (*Id.* ¶¶ 12-13; *see also id.* Exh. D ("Omar Ag."))  Plaintiff alleges that the purpose of the Omar Agreement was to provide Defendant "with a license to use the timePlay application along with certain services to customize the timePlay application for use on mobile devices for use in connection with Defendant's 'Omar' series."  (Compl. ¶ 14)

Consistent with this purpose, the Omar Agreement states, as background to the agreement, that "MBC wishes to engage AJ to provide certain system configuration, license and development services in relation to the [Omar] Application."  (Omar Ag.)  The Omar Agreement contains provisions detailing the parties' respective intellectual property rights to the contracted works.  (*Id.* §§ 6.1-6.4)  The Omar Agreement also includes a choice of law provision stating that "[t]his

---

[1] Plaintiff refers to this agreement as the "timePlay Agreement" in the Complaint.

1   Agreement shall be governed by and construed in accordance with the laws in force in the United
2   Arab Emirates." (*Id.* § 10.15)  Plaintiff alleges that it performed its obligations under the Omar
3   Agreement by completing and delivering the "Omar App" to Defendant "in a timely manner,"
4   whereupon Defendant launched the application in connection with its "hugely popular and
5   successful television series 'Omar.'" (*Id.* ¶ 16)  Plaintiff does not allege that Defendant failed to
6   pay Plaintiff the agreed upon service fees for developing the Omar App. (*See* Omar Ag. Sched. B)

   Plaintiff registered the source code for the timePlay application with the United States
Copyright Office, with an effective registration date of January 15, 2013. (*Id.* ¶ 8; *see also id.*
Exh. A)  The Omar App is alleged to be a customized version of the timePlay application.
(Compl. ¶ 14)  The Omar App source code, when delivered by Plaintiff, contained a notice
declaring Plaintiff's ownership of the copyright to "Omar TimePlay App- Version 5.0.4 Web
980x768 with iFrame (Released Jul 20 7:32 AM)." (*Id.* ¶ 17)  The notice also warned that
"Removing This Notice Revokes Your License Agreement." (*Id.*)  The source code further states:
"Authorised Redistributions of source code and assets must retain the above copyright notice, this
list of conditions and the following disclaimer." (*Id.*)

   Defendant allegedly removed this copyright notice from the Omar App source code shortly
after receiving it from Plaintiff. (*Id.*)  Although Plaintiff brought this removal to Defendant's
attention, Defendant never re-inserted the copyright notice, and continued to distribute the Omar
App, which was "downloaded by hundreds of thousands of users worldwide." (*Id.* ¶ 19)  Plaintiff
alleges that because the Omar App is a customized version of the timePlay application,
Defendant's use and distribution of the Omar App was necessarily subject to a license to use and
distribute the timePlay application. (*Id.* ¶¶ 14-15)  The operative license is alleged to be an End
User License Agreement found on Plaintiff's website (the "timePlay EULA"). (*Id.*; *see also id.*
Exh. E)  Plaintiff alleges that Defendant's removal of the copyright notice revoked Defendant's
license and, as such, Defendant's continued distribution of the Omar App infringes Plaintiff's
copyright in timePlay. (Compl. ¶ 20)

## II. LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Generally, a motion to dismiss pursuant to Rule 12(b)(6) must be decided on the face of the complaint. The Court may, however, consider materials incorporated by reference into the complaint, provided the authenticity and relevance of such materials are not reasonably in dispute. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The emphasis is on *factual* pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). In assessing the sufficiency of the pleadings, the Court "accept[s] *factual* allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (emphasis added). However, the court is not required to accept as true "conclusory allegations that are contradicted by documents referred to in the complaint," *id.*, or allegations that are "unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If a motion to dismiss is granted, a court should normally grant leave to amend, "even if no request to amend the pleading was made," unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations omitted).

4

Case No. 13-cv-03213-BLF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

## III. DISCUSSION

Plaintiff asserts four claims against Defendant for (1) copyright infringement with respect to the Omar App; (2) breach of the CloudTV and Omar Agreements; (3) breach of the implied covenant of good faith and fair dealing with respect to the CloudTV and Omar Agreements;[2] and (4) unjust enrichment with respect to the Omar App.  Defendant seeks to dismiss all but the breach of CloudTV Agreement claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (*See* Def.'s Mot.; Def.'s Reply 8 n.4, ECF 30)  The Court addresses each of these claims in turn.

### A.  Plaintiff's Claim for Copyright Infringement

To establish a *prima facie* case of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act."  *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).  Section 106 of the Copyright Act grants copyright owners the exclusive right, among others, "to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership."  17 U.S.C. § 106(3); *see id.* § 501(a).  Thus, Plaintiff must allege facts showing that Plaintiff is the owner of a valid copyright, and that Defendant has distributed Plaintiff's copyrighted work without permission.

On the element of ownership, Plaintiff has alleged and attached a copyright registration certificate for "timePlay" that identifies Plaintiff as a co-owner of the copyright.  (*See* Compl. Exh. A)  A certificate of copyright registration is "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate," such as ownership.  17 U.S.C. § 410(c).  While this presumption of validity—and of ownership—may be rebutted, Defendant has not done so here.  In fact, Plaintiff and Defendant apparently agree that the Omar Agreement defines their respective

---

[2] It is not easily discernable from the Complaint which of the four "agreements" that Plaintiff attached to the Complaint are alleged to have been breached, and which "agreements" contained implied covenants that are also alleged to have been breached.  (*See* Compl. ¶¶ 29-37)  The parties' briefing suggests that Plaintiff's breach of contract and breach of implied covenant claims are based on both the CloudTV Agreement and the Omar Agreement.  (*See* Def.'s Mot.; Pl.'s Opp., ECF 27)

ownership of intellectual property in the Omar App.  Plaintiff acknowledges that according to the terms of the Omar Agreement, Defendant owns "the intellectual property created in connection with the customization of the timePlay application to develop the Omar App."  (Pl.'s Opp. 10:22-25, ECF 27)  Defendant, in turn, acknowledges that Plaintiff retained ownership of the underlying, un-customized timePlay application.  (Def.'s Reply 2:27-3:3)  As such, Plaintiff has adequately alleged that it owns a valid copyright in the timePlay application.

To the extent that Defendant takes issue with the fact that Plaintiff's certificate of registration indicates that the registered work has a "Previous or Alternative Title" of "Omar timePlay," thereby suggesting that Plaintiff copyrighted more than the timePlay application, that issue cannot be resolved on the pleadings.  Plaintiff's Application for Copyright Registration, and the work that it registered and deposited with the Copyright Office, is not before the Court.  The Court can only look to the face of the Complaint and the documents incorporated by reference therein, which show that Plaintiff owns a valid copyright in "timePlay."  Moreover, deciding the validity of Plaintiff's copyright registration would require the Court to make factual determinations—the extent of the difference between timePlay and Omar—that are not appropriate on a Rule 12(b)(6) motion to dismiss.  Based on the allegations in the Complaint, which the Court takes as true, the Court concludes that Plaintiff has adequately alleged ownership of a valid copyright in the timePlay application.

Although Plaintiff has sufficiently demonstrated copyright ownership to survive a Rule 12(b)(6) motion on that ground, Plaintiff has not adequately alleged the additional essential element of *unauthorized* distribution by Defendant.  Plaintiff's copyright infringement claim hinges on Defendant's wrongful removal of the copyright notice in the Omar App source code, which allegedly revoked Defendant's license to use and distribute the underlying timePlay application, thereby turning Defendant into an unlicensed infringer.  (Compl. ¶¶ 15-20)  Plaintiff has not, however, alleged *facts* to support the conclusion that Defendant was not authorized to distribute the Omar App absent compliance with the timePlay EULA, or that Defendant had agreed to display the copyright notice in the Omar App.  Indeed, the terms of the Omar Agreement

6

Case No. 13-cv-03213-BLF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiff attached to the Complaint belie these allegations, as that agreement makes no mention of any license restrictions or requirement to display a copyright notice.  (*See id.* Exh. D)

Further, accepting as true Plaintiff's allegation that Defendant's distribution of the Omar App is subject to a license because the Omar App is built upon underlying intellectual property owned by Plaintiff, (*id.* ¶¶ 16, 19), it is implausible that the timePlay EULA attached to the Complaint as Exhibit E would be the operative license agreement.  That license prohibits distribution and provides that a user "may use the Service only for [his] internal business purposes."  (*Id.* Exh. E)  Such limitations on use and distribution of a portion of the Omar App (*see id.* ¶ 19), would effectively defeat the purpose behind the Omar Agreement, which Plaintiff alleges to have been the development of a "customized timePlay application for use in connection with the 'Omar' television series" and to "extend the 'Omar' television experience online."  (*Id.* ¶ 14)  This purpose clearly contemplates broad distribution of the Omar App and is inconsistent with the notion that Defendant's ability to distribute the Omar App would be subject to an end-user license to the timePlay application that prohibits distribution.

Thus, absent factual allegations that plausibly demonstrate that Defendant has engaged in the unauthorized distribution of Plaintiff's copyrighted work, Plaintiff has not sufficiently alleged a claim for copyright infringement.  Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's copyright infringement claim, and Plaintiff shall have leave to amend so as to address the deficiencies in its allegations of unauthorized distribution.

### B.     Plaintiff's Claim for Breach of the Omar Agreement

Plaintiff alleges that Defendant "agreed to acknowledge the Plaintiff's intellectual property rights in the timePlay application by displaying a copyright notice that the Plaintiff required." (Compl. ¶ 31)  It is Defendant's alleged breach of this promise that forms the basis for Plaintiff's claim for breach of contract.  (*id.* ¶ 32 ("Defendant breached its agreements with Plaintiff . . . by removing the copyright notice required by the Plaintiff"))  Defendant notes that the alleged promise to display Plaintiff's required copyright notice does not appear anywhere in the Omar Agreement.  (Def.'s Mot. 8:19-22)  The Court likewise cannot find any such language in the Omar

1  Agreement.  Plaintiff's only response is the conclusory argument that Defendant

> knew or should have known that since the Plaintiff was not outright selling the timePlay application to it that its use of the timePlay application would be subject to a license agreement.  Defendant breached its agreement by removing the copyright notice, revoking its license to use the timePlay application, and subsequently distributing the timePlay application through the Omar App to countless users across the world.

(Pl.'s Opp. 12:10-15)  To the extent that Plaintiff is arguing that Defendant's promise to display the copyright notice is contained in some other agreement, Plaintiff has not identified that other agreement, nor the circumstances under which Defendant agreed to those terms.

Plaintiff's material allegation at Paragraph 31 of the Complaint is at odds with the plain language of the Omar Agreement.  The absence of any language concerning a required display of copyright notice in the Omar Agreement indicates that Plaintiff would not be able to allege a breach of that agreement under its current theory.  Plaintiff has alluded to the possibility of another agreement that governs the parties' relationship with respect to the display of copyright notices.  To the extent that is the case, the Court will grant Plaintiff leave to amend its breach of contract claim to more clearly allege the existence of an enforceable agreement and the circumstances of Defendant's alleged breach.  The Court requests that Plaintiff separate the breach of contract claims into separate causes of action insofar as they pertain to separate contracts that cover completely distinct products.

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's claim for breach of the Omar Agreement.  Plaintiff shall have leave to amend to the extent Plaintiff is able to address the deficiencies identified by the Court.

**C.  Plaintiff's Claims for Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendant argues that Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing under California law and, in any event, such claims would be preempted by the Copyright Act.  (Def.'s Mot. 9:5-10:13)  Plaintiff contests Defendant's assertions on both points.  (Pl.'s Opp. 12:21-14:7)  Both parties have looked to California law for

1  the elements and permissibility of a claim for breach of the implied covenant of good faith and fair

2  dealing.  However, The CloudTV and Omar Agreements both appear to have enforceable choice

3  of law provisions that require the agreements to be interpreted according to the law of the United

4  Arab Emirates.  (Compl. Exh. B § 10.15, Exh. D § 10.15)  Neither party has explained why

5  California law is applicable.[3]  As such, Plaintiff has not demonstrated that it has pled a claim for

6  breach of the implied covenant of good faith and fair dealing with respect to the CloudTV and

7  Omar Agreements that is legally sufficient under the applicable law.  The Court need not reach

8  Defendant's preemption argument with respect to the Omar Agreement claim because the Court

9  does not have before it the elements of a breach of implied covenant of good faith and fair dealing

10  claim under the applicable law.

11  Defendant's Motion to Dismiss is accordingly GRANTED in regard to Plaintiff's claims

12  for breach of the implied covenant of good faith and fair dealing.  The Court shall grant Plaintiff

13  leave to amend, but any amended implied covenant claims should clearly identify the agreement

14  that allegedly contains an implied covenant and the applicable law under which the agreement,

15  and any implied covenant, is to be interpreted.

### D.  Plaintiff's Claims for Restitution

17  As presently pled, Plaintiff is pursuing a claim for unjust enrichment based on Defendant's

18  allegedly unauthorized distribution of the timePlay application stemming from Defendant's

19  removal of Plaintiff's copyright notice from the Omar App source code.  (Compl. ¶ 39)  Defendant

20  argues that this claim for unjust enrichment does not exist under California law and is, in any

21  event, preempted by the Copyright Act.  (Def.'s Mot. 10:16-11:2)

22  While the Court acknowledges the divide in the law on the issue, the California courts

---

[3] At the June 19, 2014 hearing, counsel for Plaintiff suggested that its claim is actually based on Defendant's breach of an implied covenant of good faith and fair dealing in the timePlay EULA. Plaintiff has not alleged any facts indicating that Defendant accepted the EULA, and the Court has noted the implausibility of the notion that a personal use EULA is the operative license, given the purpose of the Omar Agreement. The Court also notes that the timePlay EULA selects the law of Delaware, (Compl. ¶ Exh. E § 21), thus returning to the point that Plaintiff has not shown that it has pled the elements of its claim under the applicable law.

frequently construe a cause of action labeled as "unjust enrichment" as "a quasi-contract claim seeking restitution." *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (construing unjust enrichment claim as one for restitution based on quasi-contract and holding that trial court erred in sustaining demurrer to the claim). The Court is persuaded that "[r]egardless of whether the claim is labeled one for unjust enrichment, restitution, or some other equitable theory such as quasi-contract or constructive trust, the legal basis for relief is recognized in California law." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1244770, at *11 n.9 (N.D. Cal. Mar. 25, 2014); *cf. Low v. LinkedIn Corp.,* 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (collecting California appellate cases). Therefore, Plaintiff may be permitted to maintain a claim for restitution in quasi-contract if the claim is not preempted by the Copyright Act.

With respect to Defendant's preemption argument, Plaintiff's only response is the rather conclusory statement that its claim for unjust enrichment provides "extra elements that make the rights asserted qualitatively different from those protected under the Act." (Pl.'s Opp. 15:7-9 (internal citations and quotations omitted)) Plaintiff has not pointed to any of these "extra elements." Rather, in Plaintiff's own words: "Defendant was able to use and otherwise distribute the timePlay application to those that downloaded the Omar Application without having a license from the Plaintiff to do so. This simple act benefitted the Defendant by allowing it to leverage the Plaintiff's valuable and powerful intellectual property." (Pl.'s Opp. 14:22-26) Based on Plaintiff's description of its own claim, the Court is persuaded that Plaintiff's unjust enrichment claim "at its core alleges that the defendant[] unfairly benefitted from their unauthorized" distribution of the timePlay application. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). As such, the claim is "equivalent to the rights protected in section 106 of the Copyright Act and is therefore preempted." *Id.*

Therefore, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's unjust enrichment claim based on the allegedly unauthorized distribution of the timePlay application.[4]

---

[4] In its opposition, Plaintiff appears to be arguing that it also has a claim for unjust enrichment based on Defendant's alleged breach of the CloudTV Agreement. (See Pl.'s Opp. 14:16-20) This

1 Because such a claim is preempted by the Copyright Act, Plaintiff's unjust enrichment claim is dismissed without leave to amend. To the extent Plaintiff has an alternative theory of unjust enrichment or seeks to pursue a claim under the CloudTV Agreement, Plaintiff shall have leave to amend to more clearly allege such claim.

## IV.  ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED with leave to amend on all but Plaintiff's unjust enrichment claim for the unauthorized distribution of timePlay. Within **twenty-one (21) days** of the date of this order, Plaintiff shall file an amended complaint that complies with this order.

**IT IS SO ORDERED.**

Dated: June 24, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

claim is not properly pled because there is no allegation in Plaintiff's description of its claim that would place Defendant on notice that the CloudTV Agreement was also a basis for Defendant's alleged unjust enrichment. (See Compl. ¶¶ 38-40)  More fatally, Plaintiff has not alleged any facts suggesting that the CloudTV Agreement is unenforceable, and in fact "incorporates" prior allegations of the existence of a valid CloudTV Agreement into its claim for unjust enrichment. (Id. ¶ 38)  Therefore, Plaintiff has not adequately pled a quasi-contract claim for restitution as an alternative to its breach of contract claim under the CloudTV Agreement. *See Klein v. Chevron U.S.C., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012); *World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, No. 13-CV-03455-WHO, 2014 WL 1411249 (N.D. Cal. Apr. 11, 2014) (dismissing claim for restitution based on unjust enrichment where plaintiff explicitly alleged existence of enforceable contract).